UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EDSAL MANUFACTURING COMPANY, LLC, EDSAL SANDUSKY TN, LLC, and SANDUSKY BUDDY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BRANDON BELL and B&B GOODS, INC., <br><br> Defendants. | CIVIL NO. 2:21-cv-104 |

**OPINION AND ORDER**

This matter is before the court on the Renewed Motion to Compel Defendants Brandon Bell and B&B Goods, Inc., to Produce Documents [DE 37] filed by the Plaintiffs, Edsal Manufacturing Company, LLC, Edsal Sandusky TN, LLC, and Sandusky Buddy, LLC on September 26, 2022. For the reasons set forth below, the Motion to Compel [DE 37] is **GRANTED in part** and **DENIED in part**.

*Background*

The plaintiffs initiated this matter on March 26, 2021, against the defendants, Brandon Bell and B&B Goods, Inc., alleging various violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, the Computer and Abuse Act, 18 U.S.C. § 1030 *et seq*., and Indiana law. A discovery dispute arose regarding requests to produce sent by the plaintiffs.

On June 7, 2022, the plaintiffs filed their first Motion to Compel [DE 27]. The court denied [DE 35] the motion, with leave to refile, finding that the plaintiffs' requests lacked the specificity required to make an effective ruling.

1

As a result, the plaintiff's filed the instant motion requesting that the court order the defendant to produce the following documents:

**(1)** Communications, including emails, among, by, and between: Bell's (1) Gmail accounts (bell.edsal@gmail.com, brandonbell84@gmail.com) and (2) B&B email account (bbell@bandbgoodsinc.com) from January 1, 2020 to the present, responsive to the narrowly tailored search terms proposed by Edsal;

**(2)** Statements and reports for all Defendants' sales on Amazon, Wayfair and Walmart from January 1, 2020 to present, including a listing of all sales by part number, part description, customer, quantity, original product submission dates for each product, product setup dates, and sales diagnostic by product;

**(3)** Original application forms, portal contracts, agreements, and amendments, by and between Defendants and Amazon, Wayfair and Walmart for the period of January 1, 2020 to present;

**(4)** Correspondence by, among, and between Defendants and Amazon, Walmart, and Wayfair for the period of January 1, 2020 to present;

**(5)** Correspondence by, among, and between Defendants and Freedom Plastics, Smart Plastics, IPCC, Smart Works, ITI, ABC Tooling, Mfg., and Maxxbuild Industries, for the period of January 1, 2020 to present;

**(6)** Correspondence by, among, and between Defendants and current or former Edsal employees from June 1, 2020 to present;

**(7)** All Defendants' vendor and supplier buying agreements for the period of January 1, 2020 to present;

**(8)** Audited and/or unaudited financial statements for B&B from January 1, 2020 to present;

**(9)** B&B payroll records from January 1, 2020 to present;

**(10)** B&B documentation related to B&B products, descriptions, manuals, customer service, and specifications.

The defendants responded in opposition on October 21, 2022 [DE 39]. In their response, the defendants argue that the discovery sought is neither relevant nor proportional to the needs of the case. The plaintiffs replied on November 4, 2022 [DE 40].

*Discussion*

Pursuant to **Federal Rule of Civil Procedure 26(b)(1),** the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351 (1978) (citing **Hickman v. Taylor**, 329 U.S. 495, 501 (1947)).  A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses.  *See* **Federal Rule of Civil Procedure 37(a).**  The party objecting to the discovery request bears the burden of showing why the request is improper.  *See* **McGrath v. Everest Nat'l Ins. Co.**, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008).  The court has broad discretion when determining matters related to discovery.  **Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.**, 755 F.3d 832, 837 (7th Cir. 2014).

Before addressing the discovery requests, one of the defendants' arguments must be considered. In their response, the defendants contend that there is no "noncompetition or nonsolicitation agreement." [DE 39, at 2]. That issue must be resolved by the assigned district judge through a dispositive motion and not under the guise of a discovery dispute.

First, the plaintiffs request that the court compel the defendants to produce emails from three of the defendants' email accounts beginning on January 1, 2020 through present. Specifically, the plaintiffs request emails subject to "narrowly tailored" search terms including those related to products, suppliers, customers, and vendors relevant to their claims that the defendants engaged in, *inter alia*, misappropriation of trade secrets. To date, the defendants have produced emails from only one of the requested email accounts (brandonbell84@gmail.com).

3

However, the emails produced were from before September 18, 2020, the date Bell left the plaintiff's employment. Therefore, the plaintiffs argue that the defendants' response is incomplete.

The defendants claim that plaintiffs' search terms are not "narrowly tailored" to the issues in this case. For example, the defendants argue that the terms "craftsman" and "Mutty Leisure" are too vague and irrelevant, making it hard to decipher what trade secrets have been allegedly misappropriated.

The defendants' emails, both prior to and after defendant Bell's employment with the plaintiffs, are relevant in determining whether the defendants continued to utilize the plaintiffs' confidential information or trade secrets. Additionally, as stated above, the plaintiffs provided the defendants with search terms believed to be relevant to their claims.  The defendants have contested only two of the terms and have failed to offer alternative terms which they consider to be more relevant.  The court agrees with the defendants that the term "craftsman" is overly broad. However, the court finds the term referencing "Mutty Leisure", a person as listed in the plaintiffs' proposed search terms, as a potential witness.  Accordingly, the defendants are **ORDERED** to produce emails from the three listed accounts, using the search terms provided by the plaintiffs, with the exception of "craftsman", within 14 days of the date of this Order.

In their second, third, and fourth Requests, the plaintiffs ask the court to compel the defendants provide all statements and reports concerning the defendants' sales on Amazon, Wayfair and Walmart, as well as all application forms, portal contracts, agreements and correspondence between them beginning on January 1, 2020 through present.  The plaintiffs claim that the defendants created an Amazon portal for their new business while Bell was still employed by the plaintiffs. Also, the plaintiffs claim that Bell accessed the plaintiffs' Amazon portal after Bell's employment had ceased.

The defendants acknowledge doing business with Amazon, a platform that the plaintiffs also use, and do not dispute the relevance of the documents requested related to Amazon. However, the defendants argue that the plaintiffs have failed to explain how the defendants' business dealings with Wayfair and Walmart are relevant to the claims in this case. The plaintiffs did not directly respond to this argument. Therefore, the defendants are **ORDERED** to produce the documents in response to Requests two, three, and four as to Amazon *only* within 14 days of the date of this Order.

In the fifth and sixth request to produce, the plaintiffs seek correspondence between the defendants and seven[1] of the plaintiffs' current and former suppliers, as well as several Edsal employees.  In the seventh request, the plaintiffs are seeking all of the defendants' vendor and supplier agreements. The defendants argue that these Requests are both overbroad and not tied to any facts relevant to the claims in this case.

The defendants' correspondence with the plaintiffs' current and former suppliers, vendors, and employees is relevant in order to determine whether the defendants inappropriately utilized the plaintiffs' customer lists or confidential information either during or after Bell's employment. However, the plaintiffs' seventh request, as to all of the defendants' vendor and supplier buying agreements, is overbroad. That request will be limited to the companies listed in the fifth request. Accordingly, the defendants are **ORDERED** to produce the documents in response to Requests five, six, and seven within 14 days of the date of this Order, subject to a protective order agreed upon by the parties.

In the eighth, ninth, and tenth requests, the plaintiff requests the court compel the defendants to provide financial statements, payroll records, and all documentation pertaining to

---

[1] The suppliers include Freedom Plastics, Smart Plastics, IPCC, Smart Works, ITI, ABC Tooling, Mfg., and Maxxbuild Industries.

the defendants' products. The plaintiffs assert that the documentation is necessary to calculate specific damages. The defendants maintain that they do not have any financial statements but have provided the plaintiffs with corporate tax returns. Additionally, the defendants argue that the payroll records and product descriptions are not relevant. The plaintiffs failed to address the arguments related to these requests.

As an initial matter, the court is obligated to accept the defendants' representation that they do not have the requested financial statements. Additionally, the court agrees that the requested payroll records, business records, and product descriptions are not relevant. Therefore, requests eight, nine, and ten are **DENIED**.

For the foregoing reasons, the Motion to Compel [DE 37] is **GRANTED in part** and **DENIED in part**.

ENTERED this 23rd day of January, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge